HAROLD M. SOMER, ESQ.
HAROLD M. SOMER, PC
Attorney for 9713 Capital LLC
1025 Old Country Road, Ste. 404
Westbury, NY 11590
(516) 248-8962

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

In re:                                      Chapter 11
                                            Case No.: 10-44274-jf
97-13 Realty Corp.
                    Debtor                  **AFFIRMATION**

_____

      **HAROLD M. SOMER**, an attorney duly licensed to practice law in the State of New York and admitted in the Eastern District of New York, affirms the following to be true under penalty of perjury:

    1. I am a member of the firm of Harold M. Somer, P.C., attorney for the secured creditor 9713 Capital LLC (hereinafter referred to as "Movant").

    2. This Affirmation is submitted in support of the Movant's motion for an Order (a) pursuant to 11 U.S.C.§363(c)(2) and (e) prohibiting the debtor from collecting and using the Movant's property and/or cash collateral and directing an accounting and turnover of same; (b) dismissing this case with prejudice pursuant to 11 U.S.C. §§1112(b)(1) and 105; (c) vacating the automatic stay with prejudice pursuant to 11 U.S.C. §§362(d)(1) and (2) and 105 and allowing the Movant to continue its mortgage foreclosure action; and (d) waiving Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding. The venue is properly laid in this district pursuant to 28 U.S.C. §1409. This Court further has jurisdiction to grant the relief sought herein pursuant to 11 U.S.C. §§362, 363, 1307 and F.R.B.P. 4001.

4. Annexed hereto as Exhibit "A" is a copy of the Relief From Stay Form.

## LOAN BACKGROUND

5. On or about July 17, 2006, the debtor executed and delivered to Lenders Capital LLC a Note in the principal sum of $500,000.00, a copy of which is annexed hereto as Exhibit "B".

6. To secure repayment of the Note, the debtor also executed and delivered to Lenders Capital LLC on or about July 17, 2006, a Mortgage, a copy of which is annexed hereto as Exhibit "C" together with the recording pages. The Mortgage was duly recorded in the Office of the City Register of the City of New York on August 22, 2006.

7. The Lenders Capital mortgage was assigned to Greenpoint Mortgage Funding, Inc. by Assignment of Mortgage dated October 25, 2006 a copy of which is annexed hereto as Exhibit "D" together with the recording pages. The Assignment was duly recorded in the Office of the City Register of the City of New York on November 3, 2006.

8. On or about October 26, 2006, the debtor executed and delivered to Greenpoint Mortgage Funding, Inc. a Note in the principal sum of $580,000.00, a copy of which is annexed hereto as Exhibit "E".

9. To secure repayment of the Note, the debtor also executed and delivered to Greenpoint Mortgage Funding, Inc. on or about October 26, 2006, a Mortgage, a copy of which is annexed hereto as Exhibit "F" together with the recording pages. The Mortgage was duly recorded in the Office of the City Register of the City of New York on November 3, 2006.

10. On or about October 26, 2006, the debtor executed and delivered to Greenpoint Mortgage Funding, Inc. a Consolidation, Modification and Extension Agreement ("CMEA") whereby the prior mortgage and the new mortgage were consolidated, modified and extended into a new principal sum of $1,080,000.00. Annexed hereto as Exhibit "G" is a copy of the CMEA with the recording pages. The CMEA was duly recorded in the Office of the City Register of the City of New York on November 3, 2006.

11. On or about October 26, 2006, the debtor also executed and delivered to Greenpoint Mortgage Funding, Inc. an Assignment of Rents , a copy of which is annexed hereto as Exhibit "H" together with the recording pages. The Assignment of Rents was duly recorded in the Office of the City Register of the City of New York on November 3, 2006.

12. Thereafter, the mortgage obligation was assigned by Greenpoint to SELL SUDS LLC and from SELL SUDS LLC to Movant by Assignments of Mortgage dated November 12, 2009. The Assignments were duly recorded in the Office of the City Register of the City of New York on November 25, 2009. Copies of the Assignments with the recording pages are annexed hereto as Exhibit "I".

13. The Assignment of Rents was also assigned to SELL SUDS LLC and then to Movant. Copies of the Assignments are annexed hereto as Exhibit "J".

14. The mortgage constitutes a first lien in connection with the real property located at 97-13 37th Avenue, Corona, New York which premises do not constitute the debtor's residence. Upon information and belief, the premises are comprised of two commercial units and two residential units.

15. Pursuant to the CMEA, the debtor was to make monthly payments of principal and interest of $7,644.17 commencing December 1, 2006 for a period of five (5) years after which the interest rate was subject to change every five years. The obligation was to mature on November 1, 2036.

16. The loan went into default with the March 2008 installment resulting in the acceleration of obligation and the commencement of a foreclosure action in the Supreme Court of the State of New York, Queens County under Index No. 20183/2008.

17. As of the date of the filing of the petition there was in excess of $1,380,000.00 due and owing the Movant.

## BASIS FOR RELIEF

**A. Cash Collateral and Adequate Protection**

18. 11 U.S.C. §363(c) prohibits use of cash collateral absent a court order or the consent of the secured creditor.

19. At the outset, the debtor is not entitled to any of the rental income.

20. Pursuant to the Assignment of Rents (Exhibit "H"), the debtor unconditionally and absolutely assigned all of the rents, issues and profits and leases to the Movant thereby transferring all right, title and interest in the leases and rents associated with the property. The debtor has nothing more than a license to collect subject to the Movant's authorization which consent has not been given.

21. Furthermore, should this Court determine that the rents constitute cash collateral, then the Movant has a security interest in said rents, and the debtor would be required, pursuant to 11 U.S.C. §361, to provide adequate protection related to the payment of rental income.

22. First, there truly is no cash collateral issue as the rents are the property of the Movant. Furthermore, the Movant is not consenting to the use of its property and/or cash collateral by this debtor.

23. Prior to the filing a decision was rendered in the state court action granting the Movant's motion for the appointment of a receiver and summary judgment.

24. The debtor is required to provide adequate protection as to the rental income as well as to the mortgage pursuant to 11 U.S.C. §361. As the Movant already has an interest in the rental income, that income cannot be used to provide such separate adequate protection. Payments received from the debtor post-petition have not been negotiated.

25. As will be shown herein, there is no possibility of a reorganization and thus all rental income received pre- and post-petition should be turned over to the Movant and the debtor prohibited from collecting any rent.

26. As the rental income is the property of the Movant, Movant is entitled to an accounting of the monies collected and spent and a turnover of the funds from the property are in the debtor's possession. As will be shown, the debtor has not accounted for its post-petition cash flow.

**B. Vacatur of the Automatic Stay or Dismissal With Prejudice**

27. The debtor's own figures show it is not capable of reorganizing.

28. Pursuant to Schedule A of Henry Bisono's LR 1007-4 Affidavit (Mr. Bisono is the sole officer and shareholder of the debtor) which was filed with the court, the monthly rental income is $14,779.00. It appears that real estate taxes are provided for twice.

29. At the meeting of creditors, Mr. Bisono testified that one of the residential tenants was vacating the apartment which would result in a reduction of monthly income by at least $2,200.00.

30. Excepting from Schedule A the personal expenses attributable to Mr. Bisono which the Movant would never permit, certain other expenses and accounting fees, and accepting as accurate the remainder of the allocations, the following would be the approximate current monthly operating expenses:

| | |
|---|---|
| mortgage principal and interest | $ 7,644.17 |
| real estate taxes and insurance | 1,206.57 |
| water and sewer | 500.00 |
| exterminator | 450.00 |
| garbage removal | 180.00 |
| other insurance | 649.00 |
| general maintenance | 314.00 |
| utilities | 122.00 |
| miscellaneous expenses | 212.00 |
| Total | $11,277.74. |

31. Assuming no loss of income, there is a positive cash flow of approximately $3,500.00. With the loss of the residential tenant, that number is reduced to approximately $1,300.00.

32. Unfortunately, the debtor has already failed to meet its monthly income projection. Pursuant to the June 2010 Operating Report, copies of the relevant pages of which are annexed hereto as Exhibit "K", rental income was only $9,600.00 so that there would be an operating loss.

33. The June 2010 Operating Report shows that as of June 1 the debtor had cash on hand of $1,050.00. Had all of the rents been paid in May, the debtor would have had substantially more funds on hand. We do not know the truth as the debtor failed to file what should have been its first operating report for the period of May 11, 2010 through May 31, 2010. As of August 18,

2010, the debtor has not filed the July 2010 operating report.

34. The pre-petition arrears exceed $350,000.00. If the debtor proposed a plan to cure the arrears over a period of five years, the monthly payments would exceed $5800.00, an amount substantially in excess of the net monthly income even if the building is fully rented.

35. Schedule F of the petition lists pre-petition real estate taxes and water to New York City of approximately $10,200.00 in addition to other creditors.

36. To make matters worse, there are two violations of record which would appear to present the possibility of closing down of the commercial space and affecting the debtor's income. The first is against the restaurant for operating a place of assembly without a permit. The second is failing to provide two means of egress. Copies of the violations printed from the NYC Department of Buildings are annexed hereto as Exhibit "L".

37. The debtor's sole income is generated from rents. The rental income is insufficient to support the current monthly operating expenses and to pay the mortgage arrears. Even if there were a more positive cash flow, the Movant would not consent to its property/cash collateral being used to pay other creditors while the mortgage obligation was not current.

38. It is clear that the debtor has no means of effectively reorganizing as the income is insufficient to support a plan capable of being confirmed.

39. This is essentially a two party dispute between the debtor and the Movant which belongs back in the state court so that the foreclosure action can be completed.

40. 11 U.S.C. §362(d)(1) permits the Court to terminate the automatic stay for "cause". Cause exists here because the debtor is not capable of confirming a plan as its income is insufficient to support the current monthly expenses and to cure the arrears due Movant as well as to make payment to the other pre-petition creditors.

41. The income is also in jeopardy by the loss of the residential tenant and the potential closing of the commercial space by reason of the building violations.  Furthermore, the June operating report has already shown the property is not generating all of the anticipated rental income.  The debtor clearly has insufficient income to remain in Chapter 11.

42. The debtor's petition values the premises at $1,700,000.00 and assuming said value to be correct, then, pursuant to 11 U.S.C. §361, the Movant is entitled to adequate protection as to both the property and the rental income.

43. As the rents are not an asset of the estate, the realty at issue itself cannot be and is not necessary to an effective reorganization.

44. As discussed in the accompanying memorandum of law, the debtor is unable to adequately protect the Movant.  The debtor is unable to use the rents as adequate protection of payments as, upon information and belief, the debtor has no other sufficient source of income or other known collateral which would constitute adequate protection of the rental stream.  There is simply no other known additional or separate collateral that would be allowed to be used for such purposes were it to exist.

45. Where, as here, there is more than one collateralized asset, one cannot be used as adequate protection for the other.  The debtor cannot give to the Movants that which they are already entitled to receive.

46. If the debtor is unable to provide adequate protection, and as the equity cushion said real property cannot be and is not necessary for an effective reorganization.

47. Absent other property to adequately protect the Movant, the debtor is unable to rely upon the rents and profits generated from the real property for which no adequate protection can be provided.  Accordingly, the debtor will be unable to provide a confirmable plan.

48. Absent the ability to utilize the rental income, the debtor cannot confirm a plan which includes the subject property.

49. As the rental income constitutes the property of the Mortgagee, said rents are not available for the debtor's use. The Movant will also not consent to the use of the rental income even if this Court determines that said rents constitute cash collateral subject to its security interest.

50. Upon information and belief, the debtor is incapable of providing adequate protection for the rental income should this Court decide that the rents constitute cash collateral.

51. That by all of the reasons set forth herein, cause exists to vacate the automatic stay in this and all future filings by or against the debtor pursuant to 11 U.S.C. §§362(d)(1) and 105.

52. Cause also exists to terminate the automatic stay pursuant to 11 U.S.C. §362(d)(2). As will be shown, there is no equity in the property and the property is not necessary for an effective reorganization.

53. Annexed hereto as Exhibit "M" is a copy of an appraisal indicating the value of the property at $1,295,000.00.

54. At the time of the filing of the petition, there was in excess of $1,380,000.00 due and owing to the Movant which exceeds the appraised value.

55. . The pre-petition arrears exceed $350,000.00 which would require payments in excess of $5,800.00 were they to be paid over five years. Based upon the debtor's projected monthly rents, there would be insufficient income to reorganize.

56. That the debtor has already demonstrated the inability to generate the projected income as evidenced by the June 2010 Operating Reporting supports Movant's argument that the property is not capable of sustaining a reorganization.

57. Lastly, the inability to use cash collateral and to provide adequate protection as to both the real estate and the rental income further supports Movant's argument that a reorganization is not only unlikely, it is not feasible.

58. 11 U.S.C. §1112(b)(1) permits the court to dismiss a case if the movant establishes cause.

59. The same grounds that exist for the vacatur of the stay support the request for the dismissal of this case in that the lack of sufficient income will not permit a reorganization.

60. It is respectfully submitted that under the facts that exist here, pursuant to §1112(b)(2)(A), there is no reason not to grant the dismissal as it is clear there is no reasonable likelihood of the debtor being able to confirm a plan within a reasonable period of time.

61. As the debtor's income cannot possibly increase sufficiently to support a confirmable plan, dismissal with prejudice is appropriate otherwise there may be attempts to prevent the Movant from enforcing its legal rights.

## **CONCLUSION**

62. By reason of all of the foregoing, the Movant is entitled to an Order granting all of the relief sought herein.

WHEREFORE, your Affirmant respectfully requests an Order of this Court

(a) Prohibiting the debtor's use of rental income and cash collateral from the property pursuant to 11 U.S.C. §§363(c)(2) and (e);

(b) Directing the debtor to provide an accounting of all post-petition rental income received and funds expended;

(c) Directing the debtor to turnover to Movant all rental income from said premises;

(d) Dismissing this case with prejudice pursuant to 11 U.S.C. §§ §1112(b)(1) and 105;

(e) Terminating the automatic stay with prejudice pursuant to 11 U.S.C. §§362(d)(1) and (2) and 105 in this and all future petitions;

(f) waiving F.R.B.P. 4001(a)(3); and

(g) Such other, further and different relief as the Court may deem just and proper.

Dated: Westbury, New York
      August 18, 2010

                                      HAROLD M. SOMER, P.C
                                      Attorney for 9713 Capital LLC

                                        /S/ Harold M. Somer
                                 By:_____
                                    HAROLD M. SOMER, ESQ.
                                    1025 Old Country Road, Ste. 404
                                    Westbury, NY 11590
                                    (516) 248-8962